IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE B. SMITH III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00099-RAH |
| | ) |
| JEFFERSON S. DUNN, | ) |
| Commissioner, Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| and | ) |
| | ) |
| TERRY RAYBON, Warden, | ) |
| Holman Correctional Facility | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR CONFIDENTIALITY ORDER
AND FOR LEAVE TO FILE UNDER SEAL**

Defendants Jefferson S. Dunn, Commissioner of the Alabama Department of Corrections, and Terry Raybon, Warden of Holman Correctional Facility, respectfully move this Court for the entry of a permanent Confidentiality Order with respect to confidential documents and information that may be at issue in this litigation. In support of this Motion, Defendants state as follows:

1. The instant case is a lawsuit filed pursuant to 42 U.S.C. § 1983 in which the Plaintiff asserts claims concerning the ADOC's execution protocol and the physical layout of the execution chamber.

1

2. Defendants maintain that the ADOC has a vital and compelling interest in protecting the confidentiality of its execution protocol and all other aspects of the manner of enforcing a death sentence in the State.

3. On February 3, 2021, the Court indicated during the telephonic conference with the parties that Defendants should submit copies of the execution protocol and the execution chamber schematic in their February 5 filing. These documents are currently before the Court in *Smith v. Dunn*, 2:20-01026, where they are under a confidentiality order. Likewise, the documents are before the Court in *Burton v. Dunn*, 2:19-cv-00242, again under a confidentiality order.

4. In light of Defendants' confidentiality concerns, Defendants request that this Court enter a confidentiality order like those previously entered (e.g., ECF No. 22 in *Smith v. Dunn*, 2:20-01026) that will govern how these documents can and cannot be used and disclosed.

5. On February 5, the undersigned asked Spencer Hahn, counsel for the Plaintiff, by e-mail if he had any objection to the entry of a confidentiality order like those in the aforementioned cases. He indicated that he has no objection.

6. Should the Court grant the motion for a confidentiality order, Defendants would then respectfully move the Court for leave to file their response to the Plaintiff's complaint under seal.

For these reasons, Defendants request that this Court enter a confidentiality order in this matter and grant Defendants leave to file their response to Plaintiff's complaint under seal, and further request that any filings so sealed remain under seal until further order of the Court.

Respectfully submitted on February 5, 2021.

        STEVE MARSHALL
        ATTORNEY GENERAL OF ALABAMA
        BY—

        ***/s/ Lauren A. Simpson*__**
        Lauren A. Simpson
        *Alabama Assistant Attorney General*
        Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2021, I served a copy of the foregoing upon counsel for the Plaintiff by filing the same via the Court's CM/ECF system, which shall cause the same to be electronically transmitted to: **Spencer J. Hahn** and **John Anthony Palombi**.

    Respectfully submitted,

    Steve Marshall
    *Alabama Attorney General*

    **/s/ *Lauren A. Simpson***
    Lauren A. Simpson
    *Alabama Assistant Attorney General*
    Counsel for Defendants

OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov